PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| SAMUEL RAY ROSS, JR., | ) |
| | ) CASE NO. 5:19CV0757 |
| Plaintiff, | ) |
| | ) |
| v. | ) JUDGE BENITA Y. PEARSON |
| | ) |
| SUMMIT COUNTY COURT | ) |
| OF COMMON PLEAS, *et al*., | ) **MEMORANDUM OF OPINION** |
| | ) **AND ORDER** |
| Defendants. | ) [Resolving ECF No. 2] |

*Pro Se* Plaintiff Samuel Ray Ross, Jr., a state prisoner, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against the Summit County Court of Common Pleas, Judge Jill Flagg Lanzinger, the State of Ohio, and defense lawyer Jeff Layborn. The Complaint (ECF No. 1) pertains to his sentence in Summit County, Ohio Court of Common Pleas Case No. CR-2018-02-0523. Plaintiff pleaded guilty to receiving stolen property in the case and was sentenced on April 5, 2018 to 90 days of incarceration. He asserts he was released from this sentence on July 1, 2018, but he complains he should have been released on May 12, 2018. Plaintiff contends his rights under state law and the United States Constitution were violated because he was not properly given 52 days of credit for time he served in the Summit County Jail prior to his sentencing. ECF No. 1; Supplement to Complaint (ECF No. 3). He seeks damages of "$250.00 for each day" he allegedly "sat extra in the jail past [his] release date," as well as "45 days off of the current sentence" he is serving on another felony. ECF No. 1 at PageID #: 5.

(5:19CV0757)

Although *pro se* pleadings are liberally construed and held to less stringent standards than formal pleadings drafted by lawyers, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), federal district courts are required under 28 U.S.C. §§ 1915(e)(2)(B) to screen and dismiss before service any *in forma pauperis* action that the court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Furthermore, 28 U.S.C. § 1915A requires a district court to dismiss similar complaints in which prisoners seek redress from governmental entities, officers, and employees. *See Hill v. Lappin, 630 F.3d 468, 470 (6th Cir. 2010)*.

The Court finds that the Complaint (ECF No. 1) must be dismissed under §§ 1915(e)(2)(B) and 1915A for three reasons.

First, to the extent Plaintiff seeks to invalidate or set aside a state sentence imposed on him, his civil rights complaint fails to state a cognizable claim. A habeas corpus proceeding, and not a civil rights action, is the appropriate remedy for a state prisoner to attack the validity of the fact or length of his sentence. Wright v. Kinneary, 46 Fed.Appx. 250, 252 (6th Cir. 2002) ("Wright's claims are subject to dismissal to the extent his complaint may be construed as a direct attack on the validity of his confinement.") (citing Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) and Preiser v. Rodriguez, 411 U.S. 475, 489-90 (1973)).

Second, to the extent Plaintiff seeks damages in connection with an alleged unconstitutional state sentence, his action is barred by *Heck*, which held that a plaintiff may not pursue a § 1983 damage action arising out of an allegedly unlawful conviction or sentence unless

2

(5:19CV0757)

and until the plaintiff shows that the conviction or sentence at issue has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal or called into question by a federal court's issuance of a writ of habeas corpus. 512 U.S. at 486-87. In the absence of such a showing, any complaint for damages must be dismissed. *See Wright*, 46 Fed.Appx. at 252. Nothing in the Complaint (ECF No. 1) suggests that the state sentence of which he complains has been called into question or invalidated in any of the ways articulated in *Heck*. Accordingly, he has no cognizable federal civil rights damage claim. *See Adams v. Morris*, 90 Fed.Appx. 856, 858 (6th Cir. 2004) ("Because Adams's confinement has not been remedied by any of the procedures listed in *Heck*, the district court properly found that his claims are not cognizable under § 1983.").

Finally, all of the defendants Plaintiff sues are immune from a damage action, or cannot be sued for damages under § 1983. "The State of Ohio is immune from suit in . . . federal court" and "Ohio courts are not sui juris." *Arbino v. Ohio*, No. 1:12CV0203, 2012 WL 1756856, at *2 (S.D. Ohio April 2, 2012). And judges and defense lawyers are immune from damages actions, or cannot be sued for civil rights violations allegedly occurring during the performance of their official duties in criminal cases. *See Ireland v. Tunis*, 113 F.3d 1435, 1440 (6th Cir. 1997) (discussing judicial immunity); *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981) (lawyer does not act under color of law when performing traditional functions as counsel to a defendant in a criminal case).

3

(5:19CV0757)

## IV. Conclusion

Based on the foregoing, Plaintiff's Application to Proceed *In Forma Pauperis* (ECF No. 2) is granted, and this action is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

   July 31, 2019        */s/ Benita Y. Pearson*
Date     Benita Y. Pearson
   United States District Judge